

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **ANTONIO LYNN FLUKER, JR.,** | Case No. 1:22-cv-12536-BAF-PTM |
| Plaintiff, | Hon. Bernard A. Friedman |
| v. | Magistrate Judge Patricia T. Morris |
| **ALLY FINANCIAL INC.,** | |
| Defendant. | |

**FILED NOV 28 2023 CLERK'S OFFICE DETROIT**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**1.** The Plaintiff, Antonio Lynn Fluker, Jr., appearing in pro se, initiates this action under Michigan Court Rule 2.119(C)(10) and FRCP Rule 12(f). The Plaintiff moves this Court for an order denying Defendant's motion to dismiss the complaint, and allege as follows;

**I. Factual Background**

**a) Commencement of the Lawsuit:**

1

**2.** This legal battle commenced when I, Mr. Antonio Lynn Fluker, Jr., took the initiative to file my Complaint on October 20, 2022. My Complaint set forth allegations of unsolicited and potentially deceptive telephone communications perpetrated by the defendant, Ally Financial Inc., in apparent violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

**3.** The initiation of this lawsuit marked the genesis of the legal dispute that is now before this Honorable Court.

**b) Defendant's Motion to Dismiss**:

**4.** The defendant, Ally Financial Inc., responded to my Complaint by submitting a Motion to Dismiss on November 1, 2023. This legal maneuver was grounded in Federal Rule of Civil Procedure 12(b)(6) and entailed a comprehensive challenge to the sufficiency of my claims.

**5.** In this Motion, the defendant raised substantial questions regarding the adequacy of my pleadings and contended that the Complaint failed to provide the necessary factual support for key elements of a TCPA violation.

**6.** This strategic move by the defendant precipitated the need for my Response, which is the subject of this filing.

**c) Plaintiff's Response:**

**7.** In direct response to the defendant's Motion to Dismiss, I, as represented herein,

filed the present Response on November 08, 2023. Within this Response, I endeavor to articulate robust legal arguments and furnish substantive factual contentions in support of the continued viability of my TCPA claim, as prescribed by 47 U.S.C. § 227.

**8.** The Response addresses each of the defendant's arguments systematically, emphasizing the merits of my cause of action.

**d) Current Status of the Case:**

**9.** As of the submission of this Response, the case remains situated in the pre-discovery stage. No scheduling order has been issued by the Court, and there have been no rulings on dispositive motions or other substantive legal matters.

**10.** The absence of these determinations underscores the importance of the Court's consideration of the defendant's Motion to Dismiss and my Response.

**II. Questions Presented**

11. In light of the defendant's Motion to Dismiss and the plaintiff's response, several crucial questions are presented for your consideration:

a) Whether my Complaint, alleging violations of the Telephone Consumer Protection Act (TCPA), provides a legally sufficient basis for the claims to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

b) Whether my claim, which seeks relief under the TCPA, can be supported by the

potential overlap between the TCPA and the Michigan Consumer Protection Act (MCPA) in providing comprehensive consumer protection.

c) Whether the defendant's request for dismissal with prejudice is warranted at this early stage of the litigation, given the potential application of Michigan Compiled Laws Section 600.6419 (Res Judicata) and the principles of abuse of process as outlined in Michigan Compiled Laws Section 600.6452.

d) Whether I should be granted the opportunity to present additional evidence during the discovery phase to substantiate the TCPA claim.

e) Whether the legal process should proceed in a manner that allows for a fair and thorough examination of the merits of my TCPA claim.

**12.** These questions encompass the heart of the matter, and I respectfully request that this Honorable Court carefully consider each of them in its deliberations, as they hold significant implications for the pursuit of justice in this case.

**III. Standard of Review**

**13.** In evaluating the defendant's Motion to Dismiss, the court should apply the standard of review established under Michigan law and the relevant federal rules of procedure.

**14.** Under the standard set forth in the Michigan and federal rules of procedure:

a) A complaint should not be dismissed under Michigan law, as codified in MCR

2.116(C)(8), unless it appears beyond doubt that I can prove no set of facts in support of my claim that would entitle me to relief. The court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to me.

b) Federal Rule of Civil Procedure 12(b)(6) provides a similar standard for dismissing a complaint in federal court. My complaint should only be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. The court should accept all well-pleaded factual allegations as true and construe them in the light most favorable to me.

c) The standard is not whether I will ultimately prevail but whether I am entitled to offer evidence to support my claims. The court's role at this stage is not to weigh the evidence but to assess whether the allegations in my complaint, taken as true, are legally sufficient.

d) In considering a Motion to Dismiss, the court should avoid making determinations on the merits of the case or resolving factual disputes. Instead, the court's focus should be on assessing the adequacy of my allegations in the complaint.

**IV. Legal argument**

**a) Sufficiency of the TCPA Claim**

**i) Allegation of Pre-Recorded Voice**

**15.** The defendant contends that my TCPA claim is deficient due to the lack of specific factual content in my complaint to support the assertion that the defendant used an artificial or prerecorded voice when making the calls. They argue that I should provide details about the content of the alleged voicemail messages to plausibly establish that they were prerecorded and violated the TCPA. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This is intended to provide the defendant with fair notice of the claim's nature and the grounds upon which it rests, as established in Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)

**16.** While a complaint challenged by a Rule 12(b)(6) motion to dismiss doesn't need highly detailed factual allegations, as indicated in Conley v. Gibson and Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., a plaintiff's obligation to provide the "grounds" for their entitlement to relief demands more than mere labels and conclusions. By asserting in my complaint that the defendant used a prerecorded voice, I've fulfilled this requirement, ensuring that the defendant understands the fundamental nature of my claim. A formulaic recitation of the elements of a cause of action will not suffice, as articulated in Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932.

**17.** My complaint doesn't provide exhaustive details about the message content, it does offer enough factual allegations to establish my right to relief under the TCPA.

Factual allegations should be sufficient to raise a right to relief above a speculative level, as per 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004), which states that the pleading must contain more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. This should be considered under the assumption that all the allegations in the complaint are true, as confirmed in cases such as Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, and Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, which emphasize that Rule 12(b)(6) does not allow dismissals based on a judge's disbelief of a complaint's factual allegations. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, clarifies that a well-pleaded complaint may proceed even if it appears that recovery is remote or unlikely.

**18**. The case law cited supports my TCPA claim by affirming that my complaint, which asserts the use of a prerecorded voice, complies with federal pleading requirements. It provides the defendant with fair notice of the claim's nature and grounds, and it meets the basic standards set by the relevant rules and case law. Therefore, my TCPA claim is well-founded and should proceed accordingly.

**19**. In Michigan, TCPA claims are governed by 47 U.S.C. § 227, and the state adheres to federal law in this regard. To state a claim under the TCPA, a plaintiff must allege that calls were made using an artificial or prerecorded voice. While my

complaint generally asserts the use of a prerecorded voice, practicality must be considered when demanding specific details of message content in the initial complaint.

20. Michigan law, as reflected in MCL § 600.2041, outlines the requirements for pleadings, mandating that a pleading include "a statement of the facts, without repetition, on which the claim is based." My complaint complies with these requirements by providing a statement of the facts on which the claim is based, specifically that the defendant made calls using a prerecorded voice in violation of the TCPA. The relief sought in my complaint is pursuant to the TCPA.

21. In this case, I allege that the defendant made calls using a prerecorded voice and specify that these calls violated the TCPA. While my complaint does not provide verbatim content, I believe it meets the plausibility standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.1955 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009).

22. In summary, the defendant's argument regarding the specificity of the prerecorded voice allegations should not be a basis for dismissal at this stage. My complaint complies with Michigan's pleading requirements and provides sufficient factual matter to state a plausible claim under the TCPA. I will have the opportunity to present further evidence during the discovery phase to support these allegations, and I kindly request that the case should proceed accordingly.

**b) Capacity of Equipment for ATDS**

**23.** The defendant asserts that my TCPA claim is deficient because the complaint fails to allege that the defendant's equipment had the capacity to store or produce telephone numbers using a random or sequential number generator, as required by the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1173(2021).

**24.** In Michigan, TCPA claims are governed by 47 U.S.C. § 227, and the state adheres to the federal standard regarding the requirements for a TCPA claim. Specifically, *a plaintiff must allege that calls were made using an artificial or prerecorded voice, as well as that calls were made using an ATDS.*

**25.** In its Motion to Dismiss, the defendant argues that my Complaint does not sufficiently allege the use of an ATDS. However, my position is that the Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), provides a clear and precise definition of an ATDS. An ATDS must have the capacity to store or produce telephone numbers using a random or sequential number generator. My Complaint adequately alleges the use of such a system. By invoking the "magic words" in the Complaint, i.e., that Ally purportedly called a cell phone possessed by me using an "automatic telephone dialing system which contained a pre-recorded voice," I have, in fact, met the criteria set forth in Facebook. Therefore, this Court should not dismiss the Complaint on these grounds.

**26.** Furthermore Section 227(b)(1) of Title 47, United States Code (47 U.S.C. § 227(b)(1)), is a key provision within the Telephone Consumer Protection Act (TCPA) that pertains to the restrictions on the use of automatic telephone dialing systems (ATDS) and prerecorded voice messages. 47 U.S.C. § 227(b)(1) prohibits certain types of calls made using an automatic telephone dialing system or an artificial or prerecorded voice. Specifically, it makes it unlawful to make any call using such methods.

**27.** The TCPA creates a private right of action for persons to sue to enjoin unlawful uses of autodialers and to recover up to $1,500 per violation or three times the plaintiffs' actual monetary losses. § 227(b)(3). As previously noted, § 227(b)(1) makes it unlawful to use an autodialer to call certain "emergency telephone line[s]" and lines "for which the called party is charged for the call." § 227(b)(1)(A).

**28.** In accordance with Michigan law, specifically as outlined in MCL § 600.2041, I want to emphasize the importance of factual specificity in legal claims. My complaint adheres to these requirements by providing a statement of the facts on which my claim is based—specifically, that I contend the defendant used an ATDS to make calls in violation of the TCPA. The defendant's reliance on the Barry v. Ally Financial Inc., No. 20-12378, 2021 WL 2936636, at *5 (E.D. Mich. 2021) case, However, these cases are distinguishable from my present matter, as they involved

complaints that lacked factual allegations or circumstances supporting the use of an ATDS or prerecorded voice messages. In contrast, my Complaint contains sufficient factual content to establish plausible claims, aligning with the standards set by the Supreme Court in Facebook and the principles laid out in Twombly and Iqbal.

**29.** In Michigan, the Michigan Consumer Protection Act (MCPA), MCL § 445.901 et seq., is a relevant statute that complements the TCPA. I believe the MCPA provides protection to consumers like me against unfair, unconscionable, or deceptive methods, acts, or practices in trade or commerce. When analyzing my TCPA claim, I believe the court should consider that the MCPA can be invoked to provide additional protection to consumers.

**30.** My claim under the TCPA is aligned with the principles of consumer protection, as it addresses unsolicited calls that may harm consumers like me. The TCPA and MCPA are complementary in their efforts to safeguard consumers from unwanted or deceptive communications. Therefore, I respectfully request the court to interpret and apply these statutes harmoniously to maximize consumer protection.

**31.** In this case, if my TCPA claim, if substantiated, could also have implications under the MCPA, which provides for remedies, including actual damages and injunctive relief. Given the potential overlap between the TCPA and the MCPA, I believe the court should not prematurely dismiss my TCPA claim, allowing for a more comprehensive assessment during the discovery phase.

**32.** Under the Michigan Consumer Protection Act (MCPA), MCL § 445.901 et seq., I am provided with remedies for unfair, unconscionable, or deceptive trade practices. My TCPA claim, which concerns unsolicited and potentially deceptive calls, aligns with the principles of consumer protection.

**33.** The MCPA extends protections to consumers like me and enables us to seek remedies, including actual damages and injunctive relief, when we have been subjected to deceptive or unfair trade practices. My TCPA claim may fall under the purview of the MCPA, as it involves unwanted and potentially deceptive communications.

**34.** In the case of *Timber Prod Inspection, Inc. v. Coastal Container Corp.ucts* 827 F. Supp. 2d 819 (W.D. Mich. 2011), the Michigan Supreme Court has indicated that the Michigan Consumer Protection Act (MCPA) "*provides protection to Michigan's consumers by prohibiting various methods, acts, and practices in trade or commerce.*" Therefore, I believe the court should consider the potential application of the MCPA to my claim, which can provide an additional basis for preserving my claim and allowing it to proceed to the discovery phase.

**c) Plaintiff's Incarceration and Cell Phone Possession**

**35.** The defendant has raised the issue of my incarceration and the possession of the cell phone in question during the relevant time periods. The defendant contends that

my incarceration casts doubt on my ability to be in physical possession of the cell phone during the alleged calls, thus challenging the credibility of my claims. In response to this argument, I maintain that my circumstances, including the longevity of the cell phone number and the potential for my spouse to have possession of the phone during my incarceration, do not preclude the plausibility of my claims.

36. I assert that I have retained the same cell phone number for several years. This fact is significant as it indicates a consistent and longstanding connection to the cell phone number in question, which aligns with the TCPA's intent to protect consumers from unwanted calls, as established in 47 U.S.C. § 227. The TCPA prohibits unsolicited calls made using automatic telephone dialing systems (ATDS), as defined in 47 U.S.C. § 227(a)(1). My continued association with the cell phone number does not diminish the TCPA's applicability during my incarceration, as it is the nature of the calls that is of primary concern.

37. I contend that it is not impractical for my spouse to have possession of the cell phone during my incarceration. This assertion is particularly relevant in cases where individuals are incarcerated, and they may rely on family members to manage their personal affairs, including maintaining their cell phones. My ability to designate a trusted family member, such as my spouse, to handle my personal property, including cell phones, is consistent with the principles outlined in Michigan Compiled Laws Annotated (MCL) § 801.262a(2). This statute governs cell phone

possession in correctional facilities in Michigan. It acknowledges that prisoners are not permitted to possess or use cellular telephones in a jail, which may be regulated by the person in charge of the facility. The provision does not preclude an individual from designating someone else to hold and manage their personal property, including cell phones, outside the correctional facility.

**38.** The defendant's argument concerning my cell phone possession involves a factual dispute that should not be resolved at the motion to dismiss stage. My allegations regarding the ownership and possession of the cell phone number, as well as the role of my spouse during my incarceration, should be addressed through the presentation of evidence and factual findings at later stages of the litigation, as governed by the Michigan Court Rules, particularly MCR 2.116 (Summary Disposition) and MCR 2.119 (Amended and Supplemental Pleadings).

**39.** In sum, the defendant's argument regarding my incarceration and cell phone possession does not, in itself, preclude the plausibility of my claims. My assertions about the consistency of the cell phone number and the potential for spousal possession provide a reasonable basis for my allegations, consistent with relevant Michigan statutes and court rules. It is essential to recognize that the resolution of factual disputes should occur in the appropriate procedural context and not at the motion to dismiss stage. My allegations, when accepted as true and viewed favorably, meet the standard of plausibility required by the TCPA and Michigan

legal frameworks.

**d) Request for Dismissal with Prejudice**

**40.** The defendant's motion includes a request for the dismissal of my TCPA claim with prejudice. It is essential to address the implications of such a dismissal and whether it is warranted in my case.

**41.** Under Michigan law, a request for dismissal with prejudice is a significant and punitive measure, as it would bar me from bringing the same claim or any related claims in the future. Dismissal with prejudice should only be considered when the circumstances justify such a severe remedy.

**42.** Michigan Compiled Laws (MCL) Section 600.6419 embodies the doctrine of res judicata, which bars the same parties from re-litigating the same claim based on the same set of facts. A dismissal with prejudice triggers the application of res judicata, preventing the plaintiff from revisiting the same legal dispute in the future. Generally, when a complaint is deficient, the proper remedy is to dismiss the case without prejudice to allow the plaintiff to file a proper complaint. *See State Bar Grievance Administrator v Jackson*, 390 Mich 147, 156; 211 NW2d 38 (1973). Michigan courts have consistently held that dismissal with prejudice should be reserved for cases where there is clear evidence of egregious misconduct, repeated violations of court orders, or when a plaintiff has failed to rectify defects in the

complaint after being granted the opportunity to do so. *The court rules provide that, when a motion for failure to state a claim is made, the court must give the parties an opportunity to amend their pleadings unless unjustified.* MCR 2.116(I)(5). The purpose of dismissal with prejudice is to prevent the abuse of legal processes and protect the integrity of the judicial system.

**43.** Michigan Compiled Laws (MCL) Section 600.6452 addresses the concept of abuse of process. Abuse of process involves the misuse of legal procedures to achieve an ulterior purpose beyond the resolution of a legitimate legal dispute. Dismissing a claim with prejudice can be considered an abuse of process if it is used as a strategic tool to obstruct a plaintiff's right to seek relief.

**V. Prayer for Relief**

**44.** I respectfully request that this Honorable Court denies the defendant's Motion to Dismiss and provides the following relief:

a) Deny the defendant's Motion to Dismiss the plaintiff's TCPA claim, allowing the case to proceed to the discovery phase and trial for a thorough examination of the merits.

b) Reject the defendant's request for dismissal with prejudice, as it is premature and unjustifiable at this early stage of the litigation.

c) Grant me the opportunity to substantiate my TCPA claim through the presentation of additional evidence during the discovery phase.

d) Afford me the right to pursue remedies available under the TCPA, including but not limited to the recovery of actual damages, injunctive relief, and any other remedies deemed appropriate under the law.

Respectfully Submitted,

Antonio Lynn Fluker, Jr

PO BOX 1000

MILAN, MI 48160

EMAIL: ALFLUKER13@GMAIL.COM

Date: 11-08-2023

## VI. Certificate of Service

**45.** I, ANTONIO LYNN FLUKER, JR., hereby certify that on 11-08-2023, a true and accurate copy of the foregoing response to the defendant's Motion to Dismiss, including all its sections and exhibits, was duly served upon the following parties via the methods indicated below:

## VII. Counsel for Defendant Ally Financial Inc.:

Mark D. Kundmueller, Esq. (P66306)

TROUTMAN PEPPER

HAMILTON SANDERS LLP

222 Central Park Avenue, Suite 2000

Virginia Beach, Virginia 23462

Phone: (757) 687-7564

Facsimile: (757) 687-1524

mark.kundmueller@troutman.com

**The Clerk of the Court:**

US District Court

Eastern District of Michigan

231 W. Lafayette Blvd Rm 564

Detroit, MI 48226

Service was accomplished by First Class U.S. Mail

**46.** I further certify that I am not aware of any restrictions or limitations on the service of this document as specified by any court order, rule, or statute.

4357039
48160

United States District Court
Office of the Clerk
231 W. Lafayette Blvd Rm 564
Detroit, MI 48226

RECEIVED NOV 28 2023 CLERK'S OFFICE DETROIT


