UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LYNN FLUKER, JR.,
43577039,

       Plaintiff,                    Civil Action No. 22-cv-12536
                                             HON. BERNARD A. FRIEDMAN

vs.

ALLY FINANCIAL INC.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

I.    Introduction

Anthony Lynn Fluker, Jr. commenced this *pro se* action against Ally Financial, Inc. pursuant to the Telephone Consumer Protection Act. The complaint alleges that Ally called Fluker's cellphone hundreds of times using an "automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A).

Before the Court is Ally's motion to dismiss the complaint. (ECF No. 15). Fluker responded. (ECF No. 17). Ally filed a reply. (ECF No. 18). The Court will decide the motion without oral argument pursuant to E.D. Mich. 7.1(f)(2). For the following reasons, the Court grants the motion.

II.  Background

Fluker's allegations consist of a single paragraph that states the following:

> On or about February 2021 and continuing through September 2022 defendant Ally placed more than eight hundred calls to plaintiff [*sic*] cell phone. Defendant Ally was seeking to recover an alleged debt connected to a car loan. Defendant Ally called plaintiff [*sic*] cell phone using an automatic telephone dialing system which contained a pre-recorded voice. Plaintiff was charged for the calls the defendant placed to plaintiff [*sic*] cell phone. Defendant Ally placed calls to plaintiff [*sic*] cell phone that were not made for emergency purposes. Defendant Ally did not have plaintiff [*sic*] prior express consent. Plaintiff informed defendant Ally to not call plaintiff [*sic*] cell phone using pre-recorded messages. Defendant Ally [*sic*] reckless and willful violation of the Telephone Consumer Protection Act 47 USC 227 [*sic*] *have caused the plaintiff loss of sleep, wasted plaintiff* [*sic*] *time, and caused headaches.* Defendant Ally [*sic*] calls have caused the plaintiff harm due to defendant Ally [*sic*] Conduct.[1]

(ECF No. 1, PageID.6).

---

[1] Fluker's central accusation that Ally's phone calls harmed him personally is flatly untrue. He was incarcerated, without access to a cellphone, during the period spanning February 2021 through September 2022. *See Fluker v. Trans Union, LLC*, No. 22-12240, 2023 U.S. Dist. LEXIS 172924, at *1 n. 1 (E.D. Mich. Sep. 27, 2023) (stating that Fluker "has been detained pending trial since at least March 2020" and that he "pleaded guilty to wire fraud and money laundering on August 30, 2023.") (internal quotation marks omitted). And Fluker admits as much in his response brief, where he claims that his spouse physically possessed the cellphone during his incarceration. (ECF No. 17, PageID.66, ¶¶ 35-37). This is not the first time Fluker resorted to abusive litigation tactics. Another judge in this district previously sanctioned Fluker "for improperly using an attorney's signature to obtain subpoenas" and dismissed his amended complaint with prejudice as a result. *See Fluker v. Aken Financial Inc.*, No. 16-14394, ECF No. 18.

The complaint alleges a single cause of action under the Telephone Consumer Protection Act.[2] (*Id.*, PageID.3, 6).  Ally now moves to dismiss the complaint for failing to state a plausible claim for relief. (ECF No. 15).

III.   Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted); *see also* Fed. R. Civ. P. 8(a).

Although *pro se* litigants – like Fluker – are entitled to a liberal construction of the pleadings, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), their allegations still "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] Fluker refers to the Michigan Consumer Protection Act for the first time in his response brief. (ECF No. 17, PageID.57, 64-65).  The Court declines to address this claim since the complaint omits any allegations that Ally violated the statute. *See, e.g., Guzman v. United States Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (deciding that the district court properly ignored a claim that the plaintiff raised initially in response to a motion to dismiss the complaint).

3

IV.   Analysis

Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "abusive telephone marketing practices." *Dickson v. Direct Energy, LP*, 69 F.4th 338, 340 (6th Cir. 2023). The statute prohibits making any call, to any cellphone number, "using any automatic telephone dialing system or an artificial or prerecorded voice," absent an emergency or without the "called party's" "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii).

Fluker fails to plausibly allege that Ally made the phone calls using either (1) an automatic telephone dialing system, or (2) an artificial or prerecorded voice.

   A.   *Automatic Telephone Dialing System*

Fluker's allegation that "Ally called plaintiff [*sic*] cell phone using an automatic telephone dialing system" amounts to nothing more than an impermissible, "formulaic recitation" of a TCPA claim's elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the federal pleading rules – namely, Rules 8(a) and 12(b)(6) – do not require Fluker to "know the specific functionality of a system used by a defendant before discovery," he must nevertheless "allege sufficient facts to nudge his claim across the line from conceivable to plausible." *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 U.S. Dist. LEXIS 129573, at *14 (E.D. Mich. Jul. 13, 2021) (cleaned up); *see also Watts v. Emergency Twenty Four, Inc.*, No. 20-1820, 2021 U.S. Dist. LEXIS 115053, at *11-12 (N.D. Ill. Jun. 21, 2021) (same); *Mosley*

*v. Gen. Revenue Corp.*, No. 20-01012, 2020 U.S. Dist. LEXIS 127055, at *8 (C.D. Ill. Jul. 20, 2020) (rejecting "the inference that a claim is plausible because a plaintiff merely alleges the dialer system has the capacity to randomly or sequentially generate numbers, without any factual basis for such allegations."). The complaint falls well short of this threshold.

Fluker also maintains that "Ally was seeking to recover an alleged debt connected to a car loan." (ECF No. 1, PageID.6). But this allegation undermines his position that Ally employed an automatic telephone dialing system (or "ATDS") to call his cellphone.

"Automatic telephone dialing systems" must have "the capacity to use a random or sequential number generator to either store or produce phone numbers" and dial those numbers. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021); *see also* 47 U.S.C. § 227(a)(1)(A). Fluker's contention that Ally called his cellphone to collect a pre-existing debt is tantamount to an acknowledgment that the bank's phone calls targeted him specifically. And when calls are directed to particular individuals, the plausible inference is that an ATDS was not in fact used. *See Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 487 (W.D. Tex. 2020) (deciding that "[a]llegations of directly targeting specific individuals weigh against an inference that an ATDS was used"); *Snow v. Gen. Elec. Co.*, No. 18-0511, 2019 U.S. Dist. LEXIS 99760, at *12-13 (E.D.N.C. Jun. 14, 2019) (holding that where the plaintiff is "a targeted recipient"

5

of text messages, "it is not reasonable to infer that the messages were sent with equipment using a random or sequential number generator.") (internal quotation marks omitted).

### B. *Prerecorded Voice*

Fluker's assertion that Ally's phone calls "contained a prerecorded voice" is equally implausible. (ECF No. 1, PageID.6). TCPA claims require a plausible showing of "circumstances that would support the inference that" the offending phone calls "were placed with a[n] automatic telephone dialing system or an artificial or prerecorded voice." *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 U.S. Dist. LEXIS 53833, at *5 (E.D. Mich. Apr. 18, 2014).

Fluker concedes that he did not personally listen to any of Ally's phone calls since he was incarcerated without his cellphone during the relevant timeframe. (ECF No. 17, PageID.66, ¶¶ 35-37). So it is impossible for him to provide a sufficient factual basis to plausibly establish that Ally used "an artificial or prerecorded voice" when making those calls. *See Wallack*, 2014 U.S. Dist. LEXIS 53833, at *7 (dismissing TCPA claim because it "lack[ed] any factual allegations that would support a finding" that the infringing calls were made using "an artificial or prerecorded voice."); *see also Johansen v. Vivant, Inc.*, No. 12-7159, 2012 U.S. Dist. LEXIS 178558, at *11 (N.D. Ill. Dec. 18, 2012) (dismissing TCPA claim where the plaintiff failed to "describe the phone messages he received in laymen's terms or

6

provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS.").

Because the complaint fails to plausibly demonstrate that Ally used either (1) an ATDS, or (2) an artificial or prerecorded voice, to place calls to Fluker's cellphone, the TCPA claim cannot withstand Rule 12(b)(6) dismissal. Accordingly,

IT IS ORDERED that Ally's motion to dismiss the complaint (ECF No. 15) is granted **with prejudice**.

IT IS FURTHER ORDERED that the disposition of this matter constitutes Fluker's "second strike" under 28 U.S.C. § 1915(g). *See Fluker v. Carr*, No. 22-11992, 2023 U.S. Dist. LEXIS 124289 (E.D. Mich. Jul. 19, 2023) (adopting report and recommendation to dismiss the complaint *sua sponte* because Fluker failed to state a claim for relief).

**SO ORDERED.**

Dated: December 21, 2023
    Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

7